UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DENNIS NAHAT,<br><br>             Plaintiff,<br><br>     vs.<br><br>BALLET SAN JOSE, INC., a corporation, and DOES ONE through TWENTY,<br><br>             Defendants. | Case No: C 13-2896 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND STATE LAW CLAIMS**<br><br>Docket 10, 20 |

  Plaintiff Dennis Nahat commenced the instant action in state court against his former employer, Defendant Ballet San Jose, Inc., alleging claims based on his termination. After Plaintiff amended his complaint to add a federal copyright infringement claim, Defendant removed the action under 28 U.S.C. § 1441. The parties are presently before the Court on Plaintiff's motion to remand his state law claims under 28 U.S.C § 1441(c)(2), or alternatively, § 1367(c). Dkt. 20. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART the motion to remand for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

Defendant hired Plaintiff as its Artistic Director in October 1999, and later promoted him to Artistic/Executive Director in 2004.  FAC ¶¶ 5-6, Dkt. 1-1.  During the course of his employment, Plaintiff received pay raises in recognition of his job performance.  Id.  In addition, Defendant allegedly promised Plaintiff that his employment was secure so long as his job performance was satisfactory, and that he would not be terminated absent good cause.  Id. ¶¶ 6-10.  Plaintiff claims that he was terminated without good cause, notwithstanding his satisfactory job performance.  Id. ¶ 11.  Plaintiff further asserts that subsequent to his termination, Defendant continued to present ballet productions using his personal props, costumes and other "staging elements," along with his proprietary choreographic works, without his authorization.  Id. ¶¶ 83, 90.

On December 26, 2012, Plaintiff filed a Complaint in the Santa Clara County Superior Court alleging eleven state law causes of action for:  (1) breach of contract/breach of the implied covenant of good faith and fair dealing/wrongful termination; (2) bad faith; (3) intentional misrepresentation by making promises without intent to perform; (4) negligent misrepresentation; (5) intentional interference with business relations; (6) negligent supervision and firing; (7) age and sexual orientation discrimination in violation of state law; (8) discharge in violation of public policy; (9) intentional infliction of emotional distress; (10) violation of right of publicity; and (11) specific recovery of personal property (claim and delivery) and conversion.  Compl. ¶¶ 13-90.

On June 10, 2013, Plaintiff filed a First Amended Complaint ("FAC") alleging the same eleven causes of action from the original Complaint, and adding a twelfth claim for copyright infringement under federal law.  As before, the first nine causes of action are based on the termination of Plaintiff's employment.  Id. ¶¶ 13-76.  The tenth cause of action avers that following Plaintiff's termination, Defendant misappropriated his name for commercial gain and disparaged his professional reputation by not being forthcoming regarding the reasons for his termination.  Id. ¶¶ 77-78.  The eleventh cause of action for conversion alleges that Defendant failed to return "documents and other tangible personal

1   items, including all props, costumes and scenery and other staging elements" worth
2   between $20-25 million upon Plaintiff's termination.  Id. ¶ 83.  In his newly-alleged
3   copyright infringement claim, Plaintiff claims that Defendant "continues to use, exploit,
4   publicize, and otherwise perform copyrighted choreographed works ow[n]ed by Plaintiff
5   without permission or authorization from Plaintiff."  Id. ¶ 90.
6       On June 24, 2013, Defendant filed a Notice of Removal based on Plaintiff's
7   inclusion of a federal copyright infringement claim.  Dkt. 1.  Plaintiff now moves to sever
8   and remand his eleven state law claims for lack of supplemental jurisdiction under 28
9   U.S.C. § 1441(c)(2).  Alternatively, Plaintiff moves the Court to exercise its discretion and
10  remand his state law claims under 28 U.S.C. § 1367(c) on the basis that such claims
11  substantially predominate over the federal claim.  The motion is fully briefed and ripe for
12  adjudication.[1]

## II.   LEGAL STANDARD

14      "A motion to remand is the proper procedure for challenging removal."  Moore-
15  Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  "The 'strong
16  presumption against removal jurisdiction means that the defendant always has the burden of
17  establishing that removal is proper,' and that the court resolves all ambiguity in favor of
18  remand to state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009)
19  (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  "If at any
20  time before final judgment it appears that the district court lacks subject matter jurisdiction,
21  the case shall be remanded."  28 U.S.C. § 1447(c).
22  //
23  //

---

[1] Prior to Plaintiff's filing of the instant motion to remand, Defendant filed a Rule 12(b)(6) motion to dismiss Plaintiff's first through tenth causes of action.  Dkt. 10.  The Court previously granted Plaintiff's unopposed administrative motion to hold the motion to dismiss in abeyance pending resolution of the instant motion to remand.  Dkt. 23.  Since the claims at issue in the motion to dismiss are being remanded, the Court denies Defendant's motion to dismiss as moot.

## III. DISCUSSION

### A. MANDATORY REMAND

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

With respect to removed state law claims, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, where supplemental jurisdiction is lacking, i.e., where the claims are not part of the same case or controversy, the Court must remand such claims. Id. § 1441(c). The amended version of § 1441(c), which is applicable to cases commenced on or after January 6, 2012, provides as follows:

> **(c) Joinder of Federal law claims and State law claims.**
>
> (1) If a civil action includes—
>
> > (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
> >
> > (B) <u>a claim not within the original or supplemental jurisdiction of the district court</u> or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), <u>the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.</u> Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c) (emphasis added).  Thus, under § 1441(c)(2), any removed claims that are not within the Court's original or supplemental jurisdiction must be severed and remanded.

The question of whether the Court has supplemental jurisdiction over state law claims removed from state court is determined by reference to 28 U.S.C. § 1367(a). Section 1367(a) provides that district courts may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of <u>the same case or controversy</u> under Article III of the United States Constitution."  28 U.S.C. § 1367(a) (emphasis added).  A state-law claim is "part of the same case or controversy," when it shares a "'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." <u>Bahrampour v. R.O. Lampert</u>, 356 F.3d 969, 978 (9th Cir. 2004) (quoting <u>Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Main., Inc.</u>, 333 F.3d 923, 925 (9th Cir. 2003)).

### 1. Eleventh Claim

Plaintiff argues that his eleventh claim for conversion and twelfth claim for copyright infringement do not share a common nucleus of common fact ostensibly because they involve different subject matter and legal claims.  This statement is partially correct. The conversion claim involves tangible property consisting of "props, costumes, scenery and other staging elements," whereas the copyright claim is based on his "choreographic works."  FAC ¶¶ 83, 90.  Despite those distinctions, both claims do, in fact, share a common nucleus of operative fact.  The gist of both claims is that <u>after</u> Plaintiff's termination, Defendant continued to present ballet productions using his proprietary staging elements as well as his choreographic works, without authorization.  The allegedly improper <u>post-termination conduct</u> underlying each claim derives from the presentation of each ballet production, which ostensibly will involve the same or overlapping evidence and witness testimony.  Thus, notwithstanding the legal differences between the claims, the Court finds Plaintiff's conversion claim is part of the same case or controversy as his

copyright claim.  See Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1566 (11th Cir. 1994) (finding that supplemental jurisdiction under § 1367(a) was established where the federal and state claims involved the same facts, occurrences, witnesses and evidence, even though the legal elements of those claims differed).[2]

### 2. First Through Tenth Causes of Action

The Court reaches the opposite conclusion with respect to Plaintiff's first through tenth causes of action, which Defendant concedes "are dependent on the terms of [his] employment."  Opp'n at 5, Dkt. 24.  The gist of these claims is that Defendant's decision to terminate Plaintiff's employment was without good cause and based on discriminatory animus.  The factual basis giving rise to these claims arises specifically from the parties' agreements and their pre-termination conduct—including Defendant's alleged promises of continued employment, Plaintiff's job performance, Defendant's reason for terminating Plaintiff, and Plaintiff's treatment relative to other similarly situated employees.[3]  In contrast, Plaintiff's copyright claim is based on Defendant's post-termination unauthorized use of his protected choreographic works in connection with the presentation of ballet productions.  Thus, the issues surrounding Plaintiff's termination have little, if any, bearing on whether Defendant engaged in copyright infringement.

---

[2] Notably, Plaintiff has expressly acknowledged that Defendant's allegedly unauthorized use of his tangible and intellectual property is interrelated.  See Mead Decl. Ex. A at 2-3, Dkt. 25 (demand letter from Plaintiff's counsel to Defendant stating that "all of these [ballet] productions are Mr. Nahat's intellectual property and he owns the proprietary staging concepts and choreography, with form and function intrinsically woven in with intellectual property.") (emphasis added).  Plaintiff argues that under Federal Rule of Evidence 408, it is inappropriate to consider this letter because it was part of a settlement demand.  Reply at 4 n.3, Dkt. 26.  The Court disagrees.  Rule 408 prohibits the use of a settlement or compromise offer or statements made during compromise negotiations "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction[.]"  Fed. R. Evid. 408(a).  However, the statement cited by Defendant is not being offered for either of those impermissible purposes.  In any event, even without considering the letter, the Court finds that there is an adequate basis for supplemental jurisdiction with respect to the conversion claim.

[3] The tenth claim is based on Defendant's post-termination conduct, but the parties agree that the claim is largely dependent upon the reasons for and events leading to Plaintiff's termination.

Defendant argues that Plaintiff's employment-related claims are "intertwined" with his copyright claim in that all allegedly are dependent on his employment with Defendant. Opp'n at 5-6.  In particular, Defendant asserts that it alone owns the rights to any ballets created during the course of Plaintiff's employment, and therefore, the terms of Plaintiff's agreement or agreements with Defendant underlie both his wrongful termination claims as well as his copyright claim.  Opp'n at 5.  However, Defendant has made no showing that the same agreements or facts are material to both sets of claims.  Moreover, the record shows that Plaintiff's ownership of the copyrighted works, and his authorization allowing Defendant to use such works so long as he remained in its employ, can be discerned by reference to specific written agreement between Plaintiff and Defendant entered on September 27, 2000.  Reply Ex. A, Dkt. 26.  The possibility that Defendant allegedly made separate and distinct promises of continued employment is inapposite to Plaintiff's ownership of copyrighted works.  Thus, the Court concludes that supplemental jurisdiction is lacking with respect to the first through tenth causes of action, and that the remand of those claims is required under 28 U.S.C. § 1441(c)(2).

### B.     DISCRETIONARY REMAND

As an alternative matter, even if a remand under 28 U.S.C. § 1441(c)(2) is not warranted, a court may exercise its discretion under 28 U.S.C. § 1367(c) to decline supplemental jurisdiction over removed state law claims.  Under § 1367(c), district courts may decline to exercise supplemental jurisdiction over state-law claims if, inter alia, "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction[.]"  28 U.S.C. § 1367(c)(2).  State law claims can substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  Relevant considerations include "the values of judicial economy, convenience, fairness, and comity."  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997).  Whether or not to exercise supplemental jurisdiction is a matter of the district court's discretion.  Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997)

1  ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c).").

Plaintiff argues that to the extent that the Court finds that his state law claims and federal copyright claim share a common nucleus of operative facts, the Court should exercise its discretion and remand his state law claims under § 1367(c)(2). The Court agrees that Plaintiff's termination-based claims substantially predominate over his single federal copyright claim, as the vast majority of the allegations of the FAC center on Defendant's conduct during the course of Plaintiff's employment relationship. The Court therefore finds that, notwithstanding 28 U.S.C. § 1441(c)(2), Plaintiff's state law claims relating to his termination are subject to remand under § 1367(c)(2). For the reasons stated above, however, the Court finds that Plaintiff's eleventh cause of action for conversion does not substantially predominate over his copyright claim and that the interests of judicial economy, convenience, fairness, and comity militate in favor of exercising jurisdiction over said claim.

## IV.  CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to remand is GRANTED as to the first through tenth causes of action, which are SEVERED and REMANDED to the Santa Clara County Superior Court. The motion is DENIED as to Plaintiff's eleventh cause of action for conversion.

2. Defendant's motion to dismiss is DENIED as moot.

3. Defendant shall file its Answer to the remaining conversion and copyright claims alleged in the FAC within fourteen (14) days of the date this Order is filed.

4. This Order terminates Docket No. 10 and 20.

IT IS SO ORDERED.

Dated: November 1, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 8 -